# EXHIBIT F

# Morgan Stanley

Wealth Management
1775 Eye Street, NW
Suite 200
Washington, DC 20006
tel 202 862 9000
fax 202 862 9198
toll free 800 745 2451

**CONFIDENTIAL**

**Date:** November 11, 2015

**From:** Jed Woelfle
Complex Manager

**Attention: Jim Garrity**

This memo illustrates understandings of Morgan Stanley Smith Barney LLC ("Morgan Stanley" or the "Firm") and you (sometimes referred to as "Broker") with respect to certain terms and conditions related to your potential employment with Morgan Stanley. Nothing in this memo creates, or is intended to create, an offer of employment, a contract of employment, a guarantee of employment for a specific term, or a modification of any terms or conditions of any writings that may be entered into between Morgan Stanley and you. The compensation and other arrangements outlined below are preliminary, and contingent upon the successful completion and the results of Morgan Stanley's pre-screening process, including, but not limited to, the Firm's Due Diligence Profile review process. Moreover, these understandings are the good faith understandings of you and Morgan Stanley as of the date of this memo, are not binding, contractual obligations or guarantees, are subject to change based on changes in circumstances, and, otherwise, shall expire thirty (30) days from the date of this memo. This memo furthermore does not modify any policies and/or procedures of Morgan Stanley in effect on the date hereof, or as may be amended from time to time. This memo is governed by the laws of the State of New York.

If you and Morgan Stanley mutually agree that you will join Morgan Stanley as an employee, all contractual terms and conditions of employment shall be recited in a written financial advisor employment agreement, as well as other applicable written agreements executed by you in connection with your employment with Morgan Stanley. You also will be bound by policies and procedures that apply to similarly situated Morgan Stanley Employees.

Subject to the above, Morgan Stanley and you currently intend the following to reflect certain terms of employment.

1. Based on the representations you have made to Morgan Stanley, the Firm intends to pay you in the form of a nine-year loan a sum of money equal to 160% of your previous trailing 12 months production at your prior firm. This loan will be evidenced by a nine year promissory note. The note is a standard Morgan Stanley note that states, among other things, that you must remain in good standing at the firm during the entire term of the note.

2. In addition, you will be entitled to loans equal to (a) 20% of the gross production generated in the best 12 out of months 1 through 14 of your employment at Morgan Stanley, provided said gross production is equal to at least 70% of your previous trailing 12 months gross production at your prior firm; (b) 15% of the gross production generated during months 13 through 24 of your employment at Morgan Stanley, provided said gross

Morgan Stanley Smith Barney LLC. Member SIPC.

CONFIDENTIAL - FOR ARBITRATION ONLY   FINRA CASE NO. 20-03957     MSSB 000339

production is equal to at least 85% of your previous trailing 12 months gross production at your prior firm; (c) 15% of the gross production generated during months 25 through 36 of your employment at Morgan Stanley, provided said gross production is equal to at least 100% of your previous trailing 12 months gross production at your prior firm; (d) 15% of the gross production generated during months 37 through 48 of your employment at Morgan Stanley, provided said gross production is equal to at least 125% of your previous trailing 12 months gross production at your prior firm; and (e) 15% of the gross production generated during months 49 through 60 of your employment at Morgan Stanley, provided said gross production is equal to at least 150% of your previous trailing 12 months gross production at your prior firm. The loan payments outlined in sections (a), (b), (c), (d) and (e) above are subject to eight year, seven year, six year, five year and four year promissory notes respectively. The notes are standard Morgan Stanley notes that state, among other things, that you must remain in good standing at the firm during the entire term of the notes.

3. In addition, you will be entitled to loans equal to (a1) 20% of your previous trailing 12 months production at your prior firm, provided your assets under management reach at least 50% of your previous assets under management at your prior firm within two (2) months of your employment at Morgan Stanley; (a2) 20% of your previous trailing 12 months production at your prior firm, provided your assets under management reach at least 70% of your previous assets under management at your prior firm within fourteen (14) months of your employment at Morgan Stanley; (b) 15% of the gross production generated during months 13 through 24 of your employment at Morgan Stanley, provided that your assets under management at month twenty-four (24) are equal to at least 85% of your previous assets under management at your prior firm; (c) 15% of the gross production generated during months 25 through 36 of your employment at Morgan Stanley, provided that your assets under management at month thirty-six (36) are equal to at least 100% of your previous assets under management at your prior firm; (d) 15% of the gross production generated during months 37 through 48 of your employment at Morgan Stanley, provided that your assets under management at month forty-eight (48) are equal to at least 125% of your previous assets under management at your prior firm; and (e) 15% of the gross production generated during months 49 through 60 of your employment at Morgan Stanley, provided that your assets under management at month sixty (60) are equal to at least 150% of your previous assets under management at your prior firm. For purposes of determining whether you are eligible for any loans set forth in this paragraph, "assets" (including "assets under management") will only include assets brought into the Firm by you and must be under your management at the relevant time period for satisfying the performance criteria. The loan payments outlined in sections (a1) and (a2), (b), (c), (d) and (e) above are subject to eight year, seven year, six year, five year and four year promissory notes respectively. The notes are standard Morgan Stanley notes that state, among other things, that you must remain in good standing at the firm during the entire term of the notes.

4. Notwithstanding anything to the contrary contained in paragraphs 1, 2, and 3, the aggregate amount of all loans extended by Morgan Stanley or any of its affiliates, subsidiaries, successors or assigns to you, in connection with the commencement of your

CONFIDENTIAL - FOR ARBITRATION ONLY   FINRA CASE NO. 20-03957                    MSSB 000340

employment with the Firm, shall not exceed 340% of your previous trailing 12 months production at your prior firm. This amount is a cap, or maximum amount that you would be eligible to receive from the Firm in connection with the commencement of your employment with Morgan Stanley.

5. In addition, the Firm intends to grant you a one-time award under the Morgan Stanley Compensation Incentive Plan ("MSCIP") intended to replace stock and/or non-qualified deferred cash award(s) you forfeited at your previous employer. The grant value of the MSCIP award is determined by Morgan Stanley, in its sole discretion, in accordance with applicable policies and procedures, based on the value of your award(s) that are actually forfeited, but shall not exceed 25% of your previous trailing 12 months production at your prior firm. Any such payment is subject to receipt of satisfactory supporting documentation of the terms of the terms and forfeiture of the award(s) you forfeited at your previous employer. The foregoing award(s) are subject to approval by the Administrator of the MSCIP, and will be subject to the terms and conditions of the award certificate and the compensation plan under which the award is issued. The compensation and other arrangements outlined above are confidential. You have agreed to keep the terms of this memorandum confidential and not to disclose, or authorize your agents or attorneys to disclose, any of the terms of this memorandum to any persons or parties; provided, however, that, this prohibition shall not apply to disclosures (i) to your immediate family, (ii) to your attorneys and/or tax advisors, (iii) to requests initiated by any state or federal regulatory agency or securities industry selfregulatory organizations, or (iv) in response to a validly issued subpoena or court order. Any individuals to whom you disclose the terms of this memorandum in accordance with items (i) or (ii) of this paragraph shall be advised by you of this confidentiality provision prior to any such disclosure, and shall agree thereafter to be bound by this confidentiality provision. Prior to making any disclosure in accordance with items (iii) and/or (iv) of this paragraph you shall provide me or any designee with notice of the request, subpoena or court order so that Morgan Stanley may have the opportunity to answer, object or otherwise respond to it.

CONFIDENTIAL - FOR ARBITRATION ONLY   FINRA CASE NO. 20-03957                MSSB 000341